IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VLADIMIR KHUDOY;
LYUDMILA KHUDOY;

        Plaintiffs,

  vs.

WASHINGTON MUTUAL BANK FA;
CALIFORNIA RECONVEYANCE
COMPANY, and Does 1-250,

        Defendants.
_____/

No. CIV S-09-2569 MCE EFB PS

<u>ORDER TO SHOW CAUSE</u>

    This case, in which plaintiffs are proceeding *pro se*, is before the undersigned pursuant to Eastern District of California Local Rule ("Local Rule") 72-302(c)(21).  *See* 28 U.S.C. § 636(b)(1). On September 14, 2009, defendants removed this action from Placer County Superior Court based on federal question jurisdiction. Dckt. No. 1. On September 22, 2009, defendants filed a motion to dismiss plaintiffs' complaint, and noticed the motion for hearing for November 18, 2009. Dckt. No. 7.

    Court records reflect that plaintiffs have filed neither an opposition nor a statement of non-opposition to the motion. Local Rule 78-230(c) provides that opposition to the granting of a motion, or a statement of non-opposition thereto, must personally be served upon the moving party, and filed with this court, no later than fourteen days preceding the noticed hearing date or,

in this instance, by November 4, 2009.[1]  Local Rule 78-230(c) further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party."

Local Rule 83-183, governing persons appearing *in pro se*, provides that failure to comply with the Federal Rules of Civil Procedure and Local Rules may be ground for dismissal, judgment by default, or other appropriate sanction.  Local Rule 11-110 provides that failure to comply with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  "Failure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995).  *Pro se* litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor.  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

Accordingly, good cause appearing, IT IS HEREBY ORDERED that:

1. The hearing on defendants' motion to dismiss is continued to January 6, 2010, at 10:00 a.m., in Courtroom No. 25.

2. Plaintiffs shall show cause, in writing, no later than December 9, 2009, why sanctions should not be imposed for failure to timely file an opposition or a statement of non-opposition to the pending motion.

3. Plaintiffs shall file an opposition to the motion, or a statement of non-opposition thereto, no later than December 9, 2009.

4. Failure of plaintiffs to file an opposition will be deemed a statement of non-opposition to the pending motion, and may result in a recommendation that this action be dismissed for lack of prosecution. *See* Fed. R. Civ. P. 41(b).

////

---

[1] Electronic or mail service of an opposition upon the moving party must be made seventeen days preceding the scheduled hearing date.  Local Rule 78-230(c).

1     5. Defendants may file a reply to plaintiff's opposition, if any, on or before December
2 16, 2009.
3     SO ORDERED.
4 DATED: November 10, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3